```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| SCOTT B. MORRIS, SR.,     * | |
|     Petitioner,     * | |
| vs.                       * | CIVIL ACTION NO.: 15-00358-KD-B |
| HUEY HOSS MACK,           * | |
|     Respondent.     * | |

**REPORT AND RECOMMENDATION**

Petitioner Scott B. Morris filed a petition seeking habeas relief under 28 U.S.C. § 2254 (Doc. 1). The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Because Morris has failed to prosecute and to comply with the Court's orders dated July 23, 2015 (Doc.3) and October 26, 2016, it is recommended that this action be dismissed without prejudice.

A review of Morris' petition (Doc. 1) reflected that it was not filed on the form required by this Court. Accordingly, on July 23, 2015, the Court issued an order directing Morris to refile his petition on this Court's current form for §2254 habeas petitions. (Doc. 3). He was cautioned that if he failed to timely refile on the Court's form as directed, this action would be dismissed without prejudice for failure to prosecute and to obey the Court's Order. The Court also directed the Clerk to forward to Morris a copy of the requisite habeas form along with a copy of the

order.

The order was returned to the Court as undeliverable on August 5, 2015 and included the following notation on the envelope: "Return to Sender, Not at this Address". (Doc. 4). The Court contacted the jail, and obtained a forwarding address for Morris. The Court then issued an order directing the Clerk to resend the court's order dated July 23, 2015 (Doc. 3), along with the § 2254 habeas form, to Morris at the forwarding address provided by the jail. (Doc. 5). The Court extended the time for complying with the July 23, 2015 order to November 9, 2015.  Although the October 26, 2015 (Doc. 5) mail has not been returned to the Court, Morris has failed to comply with the Court's orders or seek an extension of time in which to do so.

Due to Morris' failure to comply with the Court's orders (Docs. 3, 5),  and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as it appears that Morris has lost interest in this litigation, and that no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied,

Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed

of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **February, 2016.**

                                    /S/SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**